FILED
Jeffrey A. Apperson, Clerk

APR 12 2006

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04-CV-742-H

BRUCE FRIEDRICH
and
ALKA CHANDNA                                              PLAINTIFFS

V.

OFFICER GARY BURKHEAD                                     DEFENDANT

## JURY INSTRUCTIONS

Members of the Jury, now that you have heard all of the evidence and the arguments by the attorneys, it is my duty to give you instructions as to the law applicable in this case. It is your duty as jurors to follow the law as stated in these Instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the Instructions as a whole. Nor should you be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these Instructions whether you agree with it or not.

It is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in this case. The term "evidence" includes the sworn testimony, including deposition testimony, of the witnesses and the exhibits admitted into the record. It is your own interpretation and recollection of the events that controls. The statements, objections,

and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility of each witness and the weight to be given to the testimony of each witness. In determining the credibility of any witness, you may properly consider the demeanor of that witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have seen and heard.

All persons are entitled to equal justice under the law. This applies to the state as well as individuals. The parties in this case are entitled to your careful deliberation without any consideration of their relative wealth.

In this case it is the Plaintiffs' responsibility to prove every essential element of their claim. That is, the Plaintiffs must prove to you that their claim is more likely true than not. If the Plaintiffs fail to prove any essential element of their claim is more likely true than not, then you should find for the Defendant on that claim.

## INSTRUCTION NO. 1

### Selective Enforcement

Plaintiffs, Bruce Friedrich and Alka Chandna allege that the Defendant, Officer Gary Burkhead, deprived them of their constitutional right to be free from selective enforcement of the laws based upon their exercise of their First Amendment right of free expression and association, including the right to be members of the group known as People for the Ethical Treatment of Animals ("PETA"). The Plaintiffs allege that Officer Burkhead selectively enforced the criminal trespass laws against them, specifically that he cited them for criminal trespass in part because of their association with PETA. In order to prove this claim, Plaintiffs must prove more likely than not the following elements:

(1) *Discriminatory effect*: that a similarly situated individual or individuals were treated differently than the Plaintiffs by Officer Burkhead; and

(2) *Discriminatory intent*: that when Officer Burkhead issued the criminal trespass citation, he did so based in part on impermissible considerations, such as the intent to inhibit or punish the Plaintiffs for exercising their constitutional right to be members of PETA.

Regarding element (1) above, for an individual to be "similarly situated" to the Plaintiffs means to be similar in all material respects. Here, a "similarly situated individual" is a person who entered onto the property of another without a license or privilege to be there – that is, a person who was trespassing. In order to find for the Plaintiffs on element (1) above, you must determine from the evidence more likely than not that a "similarly situated individual" exists and was treated differently than the Plaintiffs by Officer Burkhead – that is, that the "similarly

situated individual" was not cited or arrested for trespassing. Please indicate your answer in Question No. 1 on the Verdict Form.

Regarding element (2) above, Officer Burkhead's knowledge that Plaintiffs, as members of PETA, have an ongoing dispute with Yum! Brands over animal rights does not alone establish his intent to discriminate against the Plaintiffs based on their membership in PETA. Rather, Plaintiffs must prove more likely than not that when Officer Burkhead issued the citation, he did so based in part on impermissible considerations, such as the intent to inhibit or punish the Plaintiffs for exercising their constitutional right to be members of PETA. Please indicate your answer on Question No. 2 of the Verdict Form.

If you have found for the Plaintiffs on both Question Nos. 1 and 2, please continue to Instruction No. 2. Otherwise, please disregard the remaining Instructions and return to the courtroom with your verdict.

## INSTRUCTION NO. 2

### Damages

If you have found for Plaintiffs Friedrich and Chandna on Question Nos. 1 and 2, you must next consider whether Plaintiff Chandna has proven any damages caused by conduct of the Defendant. These are known as "compensatory damages." Compensatory damages seek to make plaintiff whole – that is, to compensate her for any damage she suffered or are reasonably certain to suffer in the future. If you determine that Plaintiff Chandna has proven damages caused by the conduct of the Defendant, you must award Plaintiff Chandna an amount of money that will fairly and reasonably compensate her for damages that you believe from the evidence she has

sustained or is reasonably certain to sustain in the future directly as a result of the Defendant's conduct. You may not award damages for speculative injuries, but only for those harms that Plaintiff Chandna actually suffered. Such an amount may not exceed $10,000.

Alternatively, if you find that Plaintiff Chandna suffered no physical injury or damages as a result of the deprivation of her constitutional rights, you must award nominal damages, not to exceed $1.00. You must choose between compensatory and nominal damages for Plaintiff Chandna – you may not award both. For Plaintiff Friedrich you may award only nominal damages, not to exceed $1.00.

Please indicate in Question No. 3 on the Verdict Form the amount you award Plaintiff Chandna in either compensatory or nominal damages and the amount you award Plaintiff Friedrich in nominal damages.

The law also permits you to award punitive damages to an injured person. The purpose of punitive damages is to punish the wrongdoer for some extraordinary misconduct, or to deter a Defendant or others like him from committing such conduct in the future. Punitive damages are proper only if you have found that (1) Plaintiff Chandna is entitled to compensatory damages, and (2) the Defendant acted with evil motive or intent, or with reckless or callous indifference to Plaintiff Chandna's constitutional rights.

Please indicate in Question No. 4 on the Verdict Form the amount, if any, that you award Plaintiff Chandna in punitive damages. This amount may not exceed $50,000.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate toward reaching an agreement, if you can do so while remaining consistent with your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous; but do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson in this Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, will have your foreperson fill in, date and sign the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04-CV-742-H

BRUCE FRIEDRICH                                                                PLAINTIFFS
and
ALKA CHANDNA

V.

OFFICER GARY BURKHEAD                                                  DEFENDANT

## VERDICT FORM

**Question No. 1**

Do you find that others who were similarly situated to the Plaintiffs were treated differently than the Plaintiffs by Officer Burkhead?

_____                              _____
(Yes)                                                                           (No)

**Question No. 2**

Do you find that Officer Burkhead issued the citation for criminal trespass based in part on impermissible considerations, such as the intent to inhibit or punish the Plaintiffs for exercising their constitutional right to be members of PETA?

_____                              _____
(Yes)                                                                           (No)

**Question No. 3**

What amount do you award the Plaintiffs in either compensatory or nominal damages?

Plaintiff Chandna:

_____          _____
(Compensatory Damages)                                  (Nominal Damages)
(Not to exceed $10,000)                                    (Not to exceed $1.00)

Plaintiff Friedrich:

_____
(Nominal Damages)
(Not to exceed $1.00)

**Question No. 4**

What amount, if any, do you award Plaintiff Chandna in punitive damages?

_____
(Punitive Damages)
(Not to exceed $50,000)


                                                            _____
                                                            FOREPERSON


                                                            DATE_____